[Cite as *Dalagiannis v. Hernandez*, 2015-Ohio-3294.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


Stephanitsa Dalagiannis, et al.                  Court of Appeals No. WD-14-079

    Plaintiffs                                    Trial Court No. 13 CV 351

v.

Jorge Hernandez, et al.                          **DECISION AND JUDGMENT**

    Appellees                                     Decided:   August 14, 2015

[Antoni Dalayanis – Appellant]

* * * * *

Andrew D. Webster and John T. Pion, for appellees.

Antoni Dalayanis, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal filed by a non-party from an October 30, 2014, discovery

order of the Wood County Court of Common Pleas, modifying the terms of a subpoena in

favor of appellant in response to appellant's motion to quash. Following the discovery ruling, appellees withdrew their subpoena for appellant's deposition. Appellant was not deposed.

{¶ 2} On December 22, 2014, the plaintiffs filed a Civ.R. 41(A) voluntary dismissal without prejudice of the underlying case as to all claims and all defendants. Because the underlying subpoena to depose appellant which led to the discovery dispute was withdrawn, and the trial court case was subsequently dismissed, this court dismisses the instant appeal for the stated reasons and as elaborated more fully below.

{¶ 3} The following undisputed facts are relevant to this matter. On June 14, 2014, plaintiffs filed the underlying litigation with the trial court. During discovery, appellant, a non-party witness, received a subpoena for purposes of having his deposition taken in connection to the case.

{¶ 4} On October 28, 2014, appellant filed a motion to quash and requesting sanctions in response to the subpoena. Appellant emphasized both the inconvenience of traveling approximately 150 miles each way for the deposition and also protested that the subpoena was served at his residence which exhibited "No Trespassing" signage.

{¶ 5} On October 30, 2014, the trial court modified the subpoena altering the deposition location to appellant's office and ordering that a mutually convenient time be agreed upon for the deposition. Subsequently, the subpoena to depose appellant was withdrawn. Appellant's deposition was not taken.

2.

{¶ 6} On November 12, 2014, appellant, a non-party witness, filed a notice of appeal of the October 30, 2014 discovery order that favored appellant by modifying the terms of the prospective deposition in a fashion more convenient to appellant. The subpoena to depose appellant was subsequently withdrawn. Notably, on December 22, 2014, the underlying case was voluntarily dismissed pursuant to App.R. 41(A).

{¶ 7} In light of the above-described facts and circumstances, we hereby find that this matter is rendered moot.

{¶ 8} Wherefore, for the foregoing reasons, this appeal is hereby dismissed. Appellant is ordered to pay the costs of this matter pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                JUDGE

Arlene Singer, J.

                                                _____
Thomas J. Osowik, J.                            JUDGE
CONCUR.

                                                _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

3.